IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

GARY SCHWAM,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
SERVE: David N. Anthony, Registered Agent
    1001 Haxall Point
    Richmond, VA 23219

and

TRANS UNION, LLC.,
SERVE: Corporation Service Company, Registered Agent
    11 S. 12th Street
    Richmond, VA 23218

and

EQUIFAX INFORMATION SERVICES, LLC.,
SERVE: Corporation Service Company, Registered Agent
    11 S. 12th Street
    Richmond, VA 23218

and

MONTEREY FINANCIAL SERVICES, INC.
SERVE: Robert Steinke
    1748 Kings Road
    Vista, CA 92084

    Defendants.

3:12CV386

## COMPLAINT

The Plaintiff, GARY SCHWAM (hereafter "Plaintiff"), by counsel, and for his Complaint against Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act or FCRA), 15 U.S.C. 1692, *et seq.* (Fair Debt Collection Practices Act or FDCPA), and California Civil Code § 1788, *et seq.* (the Rosenthal Fair Debt Collection Practices Act or RFDCPA).

## JURISDICTION

2. The jurisdiction of this Court is conferred by the FRCA, 15 U.S.C. § 1681(p), FDCPA, 15 U.S.C. 1692k and 28 U.S.C. §1331.

3. This court also has jurisdiction over Plaintiff's state law claim by supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and by diversity, 28 U.S.C. § 1332. The parties subject to the state law claim – Plaintiff and Defendant Monterey Financial Services, Inc. – are residents of different states.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) inasmuch as all of the Defendants Experian, Trans Union, and Equifax maintain registered offices within the boundaries of the Eastern District of Virginia and the Plaintiff resides in this District and Division, and significant part of the Plaintiff's claims occurred in Virginia.

## PARTIES

5. The Plaintiff, GARY SCHWAM, is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

6. Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC. ("*Experian*")**, is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

7. Upon information and belief, *Experian* is a "consumer reporting agency," as defined by 15 U.S.C. § 1681(f). Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. § 1681(d).

8. Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

9. Upon information and belief, **TRANS UNION, LLC.** ("*Trans Union*"), is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

10. Upon information and belief, *Trans Union* is a "consumer reporting agency," as defined in 15 U.S.C. §1681(f). Upon information and belief, *Trans Union* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

11. Upon information and belief, *Trans Union* disburses such consumer reports to third parties under contract for monetary compensation.

12. Upon information and belief, **EQUIFAX INFORMATION SYSTEMS, LLC.** ("*Equifax*") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

13. Upon information and belief, *Equifax* is a "consumer reporting agency," as defined in 15 U.S.C. §1681(f). Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning

consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

14. Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

15. Upon information and belief, **MONTEREY FINANCIAL SERVICES, INC.** ("*Monterey Financial*"), is a corporation specializing in consumer financing, loan servicing, and debt recovery. At all relevant times hereto, *Monterey Financial* was a furnisher as governed by the FRCA and a debt collector as governed by the FDCPA and RFDCPA.

### FACTS

16. In late 2011 and early 2012, Plaintiff began receiving phone calls from Monterey Financial demanding payment of monies that he did not owe.

17. In multiple telephone conversations with the *Monterey Financial*, the Plaintiff disputed that he owed any money to it and asked that they stop calling him at his home, work and cellular phone.

18. Despite his oral requests, *Monterey Financial* did not stop contacting Plaintiff by telephone.

19. Plaintiff never received anything in writing from *Monterey Financial* advising him of his rights to dispute the debt under the FDCPA.

20. *Monterey Financial's* statements that Plaintiff owed it money were false.

21. Monterey Financial reported this delinquency on his credit report.

22. After receiving numerous telephone calls from *Monterey Financial*, Plaintiff sent a letter to it disputing the debt and requesting that they cease communication with him.

23. Despite his oral and written disputes, *Monterey Financial* continued to report the debt on Plaintiff's credit report and failed to notate that the debt as disputed.

24. In early 2012, Plaintiff obtained a copy of his credit reports from *Experian*, *Equifax*, and *Trans Union*, and learned that each credit bureau was reporting a loan and delinquency that did not exist. Specifically, the credit bureaus were reporting that Plaintiff had a loan account with *Monterey Financial* which had a balance of $4,812 and was $244 past due.

25. On or about January 11, 2012, Plaintiff separately forwarded written dispute letters to *Experian*, *Trans Union*, and *Equifax* regarding the inaccurate account reporting within his credit reports.

26. The *Monterey Financial* reportings were false. Plaintiff has never applied for credit or received a loan from *Monterey Financial*.

27. On or about January 26, 2012, *Experian* responded to Plaintiff's dispute with the results of its investigation. This correspondence indicated that Experian determined that the *Monterey Financial* account and delinquency were accurate. This letter further indicated that Plaintiff was $244 past due on the account, which had a balance of $4,812.

28. On or about January 27, 2012, *Equifax* responded to Plaintiff's dispute with the result of its reinvestigation. *Equifax's* correspondence indicated that it had researched the results of Plaintiff's dispute and verified that the account belonged to Plaintiff. This

letter further indicated that Plaintiff was $244 past due on the account, which had a balance of $4,812.

29. On or about February 1, 2012, *Trans Union* responded to Plaintiff's dispute letter with the result of its investigation. In its response, *Trans Union* stated that its investigation results determined that it was Plaintiff's account. This letter further stated that Plaintiff was $244 past due on the account, which had a balance of $4,812.

30. Defendants had actual knowledge of these inaccuracies and deliberately chose to ignore and permit reporting of the inaccurate account.

31. Upon information and belief, *Experian*, *Trans Union*, and *Equifax* each prepared and published to third parties multiple inaccurate consumer reports about Plaintiff which contained inaccurate derogatory information regarding his accounts.

32. Upon information and belief, *Experian*, *Trans Union*, and *Equifax* each forwarded Plaintiff's disputes to *Monterey Financial* on one or more occasions. Upon information and belief, *Monterey Financial* was provided notice of Plaintiff's disputes and despite such notice, it failed and refused to investigate and correct its inaccurate reporting.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORT ACT
## 15 U.S.C. § 1681e(b)
## (EXPERIAN, TRANS UNION and EQUIFAX)

33. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

34. *Experian*, *Trans Union*, and *Equifax* each violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible

accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff.

35. As a result of *Experian's*, *Trans Union's*, and *Equifax's* violations of 15 U.S.C. §1681e(b), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

36. The violations by *Experian*, *Trans Union*, and *Equifax* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian*, *Trans Union*, and *Equifax* were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

37. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian*, *Trans Union*, and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORT ACT
### 15 U.S.C. § 1681i(a)(1)
### (EXPERIAN, TRANS UNION and EQUIFAX)

38. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

39. *Experian*, *Trans Union*, and *Equifax* each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

40. As a result of *Experian's*, *Trans Union's*, and *Equifax's* violations of 15 U.S.C. §1681i(a)(1), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

41. The violations by *Experian*, *Trans Union*, and *Equifax* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian*, *Trans Union*, and *Equifax* were negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian*, *Trans Union*, and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORT ACT
### 15 U.S.C. § 1681i(a)(2)
### (EXPERIAN, TRANS UNION and EQUIFAX)

43. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

44. *Experian*, *Trans Union*, and *Equifax* each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide *Monterey Financial* with all the relevant information regarding the Plaintiff's dispute.

45. As a result of *Experian's*, *Trans Union's*, and *Equifax's* violations of 15 U.S.C. §1681i(a)(2), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

46. The violations by *Experian*, *Trans Union*, and *Equifax* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian*, *Trans Union*, and *Equifax* were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

47. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian*, *Trans Union*, and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORT ACT
### 15 U.S.C. § 1681i(a)(4)
### (EXPERIAN, TRANS UNION and EQUIFAX)

48. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

49. *Experian*, *Trans Union*, and *Equifax* each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by the Plaintiff.

50. As a result of *Experian's*, *Trans Union's*, and *Equifax's* violations of 15 U.S.C. §1681i(a)(4), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

51. The violations by *Experian*, *Trans Union*, and *Equifax* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative,

*Experian*, *Trans Union*, and *Equifax* were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

52. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian*, *Trans Union*, and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT FIVE: VIOLATION OF FAIR CREDIT REPORT ACT
### 15 U.S.C. § 1681i(a)(5)(A)
### (EXPERIAN, TRANS UNION and EQUIFAX)

53. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

54. *Experian*, *Trans Union*, and *Equifax* each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

55. As a result of *Experian's*, *Trans Union's*, and *Equifax's* violations of 15 U.S.C. §1681i(a)(5)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

56. The violations by *Experian*, *Trans Union*, and *Equifax* were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian*, *Trans Union*, and *Equifax* were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

57. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian, Trans Union*, and *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT SIX: VIOLATION OF FAIR CREDIT REPORT ACT
### 15 U.S.C. § 1681s-2(b)(1)(A)
### (MONTEREY FINANCIAL)

58. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

59. On one or more occasions within the past two years, by example only and without limitation, *Monterey Financial* violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

60. As a result of *Monterey Financial's* violations of 15 U.S.C. §1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

61. The violations by *Monterey Financial* were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Monterey Financial* was negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

62. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Monterey Financial* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORT ACT
### 15 U.S.C. § 1681s-2(b)(1)(B)
### (MONTEREY FINANCIAL)

63. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

64. On one or more occasions within the past two years, by example only and without limitation, *Monterey Financial* violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

65. As a result of *Monterey Financial's* violations of 15 U.S.C. §1681s-2(b)(1)(B), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

66. The violations by *Monterey Financial* were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Monterey Financial* was negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

67. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Monterey Financial* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORT ACT
### 15 U.S.C. § 1681s-2(b)(1)(C) and (D)
### (MONTEREY FINANCIAL)

68. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

69. On one or more occasions within the past two years, by example only and without limitation, *Monterey Financial* violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing the *Monterey Financial* account within Plaintiff's credit files with

*Experian*, *Trans Union*, and *Equifax* without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit report agency.

70. As a result of *Monterey Financial's* violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

71. The violations by *Monterey Financial* were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Monterey Financial* was negligent, which entitles the Plaintiff to recovery under 15 U.S.C. §1681o.

72. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Monterey Financial* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT NINE: VIOLATION FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)
### (MONTEREY FINANCIAL)

73. Plaintiff realleges and incorporates all factually allegations set forth in the Complaint.

74. On multiple occasions between October 2011 and April 2012, Monterey Financial used false and misleading representations in connection with its attempt to collect a debt from Plaintiff, including but not limited to false representations regarding the character and amount of debt allegedly owed by Plaintiff.

75. This conduct violated 15 U.S.C. § 1692e(2).

76. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorneys' fees, and costs against Monterey Financial pursuant to 15 U.S.C. §1692k.

### COUNT TEN: VIOLATION FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g
### (MONTEREY FINANCIAL)

77. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

78. After Defendant's initial communication with Plaintiff, Defendant failed to send Plaintiff a written notice containing the following information:

> (1) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (2) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (3) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

79. By failing to provide this information, Defendant violated 15 U.S.C. § 1692g(2).

80. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorneys' fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

### COUNT ELEVEN: VIOLATION FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. 1692e(8)
### (MONTEREY FINANCIAL)

81. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

82. By communicating to the credit bureaus credit information which it knew or should have known was false regarding Plaintiff, Monterey Financial violated 15 U.S.C. § 1692e(8).

83. As a result, Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorneys' fees, and costs against Defendant pursuant to 15 U.S.C. § 1692k.

**COUNT TWELVE: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**Cal Civ. Code § 1788.17**
**(MONTEREY FINANCIAL)**

84. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

85. One more than one occasion in the past year, by example only and without limitation, Monterey Financial violated § 1788.17 of the RFDCPA by falsely representing the character, amount, and/or legal status of Plaintiff's alleged debt.

86. As a result of *Monterey Financial's* violations of § 1788.17 of the RFDCPA, the Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

87. The violations by *Monterey Financial* were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to § 1788.30(b) of the RFDCPA. In the alternative, *Monterey Financial* was negligent, which entitles the Plaintiff to recovery under § 1788.30(a) of the RFDCPA.

88. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Monterey Financial* in an amount to be determined by the Court pursuant to §§ 1788.30(a)-(b) of the RFDCPA.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive

damages against Defendants, jointly and severally; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

GARY SCHWAM

By _/s/_ _____
Counsel

Kristi C. Kelly, Esq., VSB#72791
Andrew J. Guzzo, Esq., VSB#82170
SUROVELL, ISAACS, PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400 – Telephone
(703) 591-9285 – Facisimile
Email: kkelly@siplfirm.com
Email: aguzzo@siplfirm.com