**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**GARY SCHWAM,**

    **Plaintiff,**

v.                                                                                   Civil Action No: 3:12-cv-386

**EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC., EQUIFAX INFORMATION
SERVICES, LLC., and MONTEREY FINANCIAL
SERVICES, INC.**

    **Defendants.**

### PLAINTIFF'S F.R.C.P. 26(a)(1) DISCLOSURES

COMES NOW the Plaintiff, **GARY SCHWAM**, by counsel, and makes the following disclosures:

**I. Individuals likely to have discoverable information**

    1.    Plaintiff, Gary Schwam.

        *All facts.*

    2.    Employees of Monterey Financial Services, Inc.

        *All facts regarding the subject matter of the Complaint.*

    3.    Employees of Experian Information Services.

        *All facts regarding the subject matter of the Complaint.*

    4.    Employees of Trans Union, LLC.

        *All facts regarding the subject matter of the Complaint.*

    5.    Employees of Equifax Information Services.

        *All facts regarding the subject matter of the Complaint.*

6. Robert C. Steinke
President and CEO
Monterey Financial Services
4095 Avenida de la Plata
Oceanside, CA 92056

> *All facts regarding Plaintiff's disputes regarding the fraudulent Monterey Financial credit account.*

7. Chris Hughes
Executive Vice President
Monterey Financial Services
4095 Avenida de la Plata
Oceanside, CA 92056

> *All facts regarding Plaintiff's disputes regarding the fraudulent Monterey Financial credit account.*

8. Shaun Lucas
Vice President of Operations
Monterey Financial Services
4095 Avenida de la Plata
Oceanside, CA 92056

> *All facts regarding Plaintiff's disputes regarding the fraudulent Monterey Financial credit account.*

9. Wayne Hutchins
IT Manager
Monterey Financial Services
4095 Avenida de la Plata
Oceanside, CA 92056

> *All facts regarding Plaintiff's disputes regarding the fraudulent Monterey Financial credit account.*

10. Employees of Zales Delaware, Inc.
901 W. Walnut Hill Lane
Irving, TX 75038
(972) 580-4000

> *All facts regarding the opening of the original account that was obtained by Monterey Financial.*

11. Employees of Bank of America, N.A.
    1010 South Tryon Street
    Charlotte, NC 28255

> *All facts regarding the reduction of Plaintiff's credit card account after a review of his Trans Union credit report.*

12. Limor Schwam
    13116 Trinity Place
    Richmond, VA 23233

> *All facts regarding the Plaintiff.*

13. Officer Woods
    Henrico County Police Department
    PO Box 90775
    Henrico, VA 23273-0775
    (804) 501-5000

> *All facts regarding Plaintiff's police report regarding identity theft.*

14. Unknown persons as may be revealed in discovery.

15. All witnesses identified by each of the Defendants.

**II. Description of documents in possession of the Plaintiff.**

Other than those documents obtained from any Defendant in discovery, the Plaintiff has the following documents in his possession and control:

Plaintiff's Bate Stamp Nos. 000001-000163 (*Plaintiff's Bate Stamped Exhibits will be forwarded to counsel for the Defendants under separate cover*).

**III. Computation of Damages**

**Itemization Of Damages**

The Plaintiff seeks damages that are unliquidated for the following categories of harm as "actual damage" in this matter. These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages. *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997). Such damages will be determined by the jury in this matter.

**Categories and types of Actual Damages**

3

    i. Plaintiff has suffered emotional and mental anguish, frustration and annoyance from being deterred from applying for credit.

    ii. Plaintiff has suffered emotional and mental anguish, frustration, humiliation, embarrassment and annoyance from being denied credit.

    iii. Plaintiff has suffered emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of the false information.

    iv. Plaintiff has suffered general economic damages in the form of lost credit capacity and decreased credit scores.

    v. Plaintiff has suffered general damages in the form of damage to reputation.

    vi. Plaintiff has been strapped with a false history, causing mental anguish, emotional distress, frustration, humiliation, and annoyance.

    vii. Plaintiff has suffered lost opportunities to obtain credit in the form of an unspecified number of credit offers that the Plaintiffs did not receive because of the false and derogatory information contained in his credit reports.

    viii. The damage to Plaintiffs' credit score may also have impacted the interest rates he has on current loans, credit he has requested during this ordeal, if applicable, or caused decreased credit limits on existing accounts.

    ix. Plaintiff's economic damage also includes the considerable time, effort and expense he has been forced to expend attempting to force Defendants to comply with its statutory obligations including telephone calls, writing letters, sending faxes.

    x. Plaintiff has endured substantial and ongoing emotional and mental anguish and loss of self-esteem because of this long ordeal to recapture his good name and credit, as well as the fact that Defendants continue to persist in painting Plaintiff in a false light both personally and financially.

    xi. Plaintiff has also suffered substantial emotional and mental anguish because of the fear that as a financial officer in his company, he will have to personally guarantee loans or credit, but will be unable to do so.

    xii. Plaintiff has also suffered embarrassment from having to explain the circumstances to potential creditors as well.  Plaintiff suffers anxiety when considering seeking additional credit because he believes, justifiably, that he will be forced to once again subject himself to the humiliation of having to explain the false and defamatory information previously that has been and continues to be circulated about him.

**Case Law Supporting Actual Damages**

Such damages will likely be in keeping with the following decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation and similar elements

*Adams v. Phillips*, 2002 U.S. Dist. LEXIS 24888 (E.D. La. 2002)($225,000 actual damages based upon general and economic damage theories);

*Anderson v. Conwood Co.* 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

*Bach v. First Union,* No. 3:01CV191 (S. D. Ohio)($400,000 in actual damages);

*Bell v. May Dep't Stores*, (Missouri 2000, Case No. 22942-09508-01, jury award $50,000 actual damages);

*Boris v. Choicepoint Servs., Inc.*, 249 F.Supp2d 851(W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency);

*Brimm v. Midland Credit Management, Inc.,* No. CV 10-J-369-NE (N.D. AL February 25, 2011) ($100,000 jury verdict for actual damages)

*Brown v. Experian*, No. 3:01CV1967-RNC (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681i defended by Jones Day);

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ 00 227, Feb. 14, 2002 ($450,000 in actual damages for emotional distress);

*Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict for actual damages)

*Drew v. Equifax* No. 3:07CV726-SI (N.D. Cal. Aug. 8, 2010)($315,000 in compensatory damages for emotional distress, plus $6,326.00 in other actuals);

*Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

*Johnson v. MBNA,* (E.D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s 2(b)

5

appeal reported at 357 F.3d 426 (4th Cir.2004);

*Jorgenson v Experian*, No. 96CV286-JE (D. Ore. 1998)($600,000 in actual damages);

*Kirkpatrick v. Equifax*, (2005 WL 1231485, May 23, 2005, D. Oregon) ($210,000 actual damages for identity theft reinvestigation claim);

*McGowan v. Warner*, No. 95CV3310 (Alabama 1999)($1.85 million to theft of identity victim);

*Mills v. NationsBank* (3rd Judicial District, Lake City, Florida, 1999) (Jury award $140,000 actual);

*Robinson v. Equifax*, No. 06CV1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim) aff'd at 560 F.3d 235 (4th Cir. 2009);

*Sloane v. Equifax*, No. 1:05CV1272-LMB (E.D. Va. 2005)($350,000 actual damages for identity theft reinvestigation claim);

*Soghomonian v. Trans Union*, No. Civ. F 99CV5773-SMS (E.D. Cal. 2004) stipulated at 2005 WL 1972594 (E.D.Ca. June 20, 2005) ($330,000 actual damages);

*Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (Jan. 20, 2003)(docket #184)($300,000 actual damage for emotional distress);

*Thompson v. Equifax*, (2003 WL 1579757, M.D. Ala., March 3, 2003) (jury award $80,000);

*Thompson v. San Antonio Retail Merchant*, 682 F.2d 509 (5th Cir. 1982)($10,000 actual damages for humiliation and mental distress even when no out of pocket expenses);

*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages);

*Wenger v. Trans Union*, No. 2:95CV6445-ER (C.D. Cal. 1996)($200,000 actual damages award);

*Williams v. Equifax*, 9th Judicial Circuit, Orange County, Florida, Case No. 48-2003-CA-9035-0, Nov. 17, 2007 ($219,000 actual damages)

*Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

*Zotta v. Nations Credit*, 297 F. Supp.2d 1196 (E.D. Mo. 2003)($87,000 actual damages award).

*Adams v. Phillips,* 2002 WL 31886737 (E.D. La. Dec. 19, 2002)($200,000 actual damages);

*Reilly v. Duvall County Public Schools*, 2007 WL 2120547 (M.D. Fla. July 23, 2007)($208,197.18 actuals awarded, but capped at $100,000 under Florida law);

*Quitto v. Bay Colony Golf Clubs*, 2007 WL 4098847 (M.D. Fla. Nov. 15, 2007)($130,000 actual damages);

*Peer v. Lewis*, 2008 WL 2047978 (S.D. Fla. 2008)($133,200 damages, remittitur to $12,500);

*Jansen v. Experian,* 2011 WL 846876 (D. Or. Mar. 9, 2011)(stipulated judgment of $275,000).

c. **Specific examples of credit denials/ adverse actions**

The Plaintiff has experienced specific and known damage to his credit that has been manifested in the Plaintiff's credit reports including decreased credit scores as a result of the inaccurate information contained in his credit files.

The Plaintiff's credit limit on his Bank of America credit card was reduced from $ 20,000 to 15,200 after Bank of America obtained a copy of his Trans Union credit report for an account review. Upon information and belief, the credit report that Bank of America reviewed in connection with the reduction in the Plaintiff's credit line contained the fraudulent account information reported by Monterey.

It is the Plaintiff's understanding, as summarized through his counsel, that each of the credit reports utilized contained the inaccurate derogatory accounts and inaccurate information at issue in this case.

d. **Punitive Damages.**

The Plaintiff seeks punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004). Punitive damages will be proven through the Plaintiff's testimony, that of his wife and through the testimony of the employees of the Defendant against who such damages are sought.

e. **<u>Case Law Supporting Punitive Damages.</u>**

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases.

*Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) $2,628,600 in punitive damages remitted to $400,000 in one-dispute case);

*Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003)($250,000 in punitive damages award was appropriate under FCRA);

*Brimm v. Midland Credit Management, Inc.,* No. CV 10-J-369-NE (N.D. AL February 25, 2011) ($623,180 jury verdict for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ-00-227, Feb. 14, 2002 (jury award of $ 900,000 in punitive damages upheld);

*Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict for actual damages) (jury award of $500,000 in punitive damages, remitted to $270,000)

*Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (No remittitur of $700,000 punitive damage award);

*Mills v. NationsBank, N.A*. 3d Judicial District of Florida (Lake County1999) (Jury award $300,000 punitive damages for false credit reports)

*Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594(E.D. Ca 2005)($660,000 punitive damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);

*Thorton v. Equifax Inc*., 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages).

*Williams v. Equifax Information Solutions, LLC*: Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

8

Plaintiff reserves the right to further supplement these disclosures.

**GARY SCHWAM**

_____/s/_____
Leonard A. Bennett, Esq.
(VSB #37523)
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@clalegal.com
*Attorney for Plaintiff*

Kristi Cahoon Kelly, Esq.
(VSB #72791)
Surovell Isaacs Petersen & Levy PLC
4010 University Dr., Suite 200
Fairfax, VA 22030
703-251-5400 - Telephone
703-591-9285 – Facsimile
Email: kkelly@siplfirm.com
*Attorney for Plaintiff*

Andrew J. Guzzo, Esq.
(VSB #82170)
Surovell Isaacs Petersen & Levy PLC
4010 University Dr., Suite 200
Fairfax, VA 22030
703-251-5400 - Telephone
703-591-9285 – Facsimile
Email: aguzzo@siplfirm.com
*Attorney for Plaintiff*

## *CERTIFICATE OF SERVICE*

I hereby certify that on this 9th day of August, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219
Email: david.anthony@troutmansanders.com

*Counsel for Experian*

Michael Robert Ward
Morris & Morris PC
11 South 12th Street
5th Floor
PO Box 30
Richmond, VA 23218
Email: mward@morrismorris.com

*Counsel for Trans Union*

John Willard Montgomery , Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230
Email: jmontgomery@jwm-law.com

*Counsel for Equifax*

Maurice Francis Mullins
Spotts Fain PC
411 E Franklin St
Suite 600
PO Box 1555
Richmond, VA 23218-1555
Email: cmullins@spottsfain.com

Robert Jackson Allen
Spotts Fain PC
411 E Franklin St
Suite 600
Richmond, VA 23219
804-697-2087
Fax: 804-697-2187
Email: rallen@spottsfain.com

*Counsel for Monterey Financial*

By: __/s/_____
Leonard A. Bennett, Esq.
VSB #37523
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-Mail:lenbennett@clalegal.com
*Attorney for Plaintiff*